Argued and submitted October 28, 2020, appeal dismissed as moot
August 11, 2021

Robin BLOOMGARDEN,
Laura Ohanian, and Michele De La Cruz,
*Plaintiffs-Appellants,*

*v.*

Cheryl BETSCHART,
in her official capacity as Lane County Clerk,
*Defendant-Respondent,*

*and*

Stanton F. LONG,
*Intervenor-Respondent.*

Lane County Circuit Court
18CV34149; A170243

498 P3d 338

Suzanne B. Chanti, Judge.

Daniel W. Meek argued the cause and filed the briefs for appellants.

William F. Gary argued the cause for respondents. Also on the joint brief were Sharon A. Rudnick, J. Aaron Landau, Harrang Long Gary Rudnick P.C., and Stephen E. Dingle.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Appeal dismissed as moot.

## PER CURIAM

Plaintiffs appeal from a judgment that dismissed their appeal of a decision by defendant Betschart, the Lane County Clerk, to reject for inclusion on the ballot plaintiffs' initiative petition to amend the Lane County Charter. The clerk rejected the initiative because it did not comply with ORS 203.725(2), the statutory "separate-vote" requirement. The appeal raises issues that are nearly identical to those raised in a case we recently decided, *Bowers v. Betschart*, 313 Or App 294, 496 P3d 1034 (2021). For that reason, a complete recitation of the facts or law would not benefit the bench, bar, or public. As in *Bowers*, we conclude that the appeal is moot. *Id*. at 296. Further, having considered the bases for deciding whether to exercise our discretion to consider any of the moot issues under ORS 14.175, we choose not to exercise that discretion. We briefly explain that decision below and dismiss the appeal as moot.

In 2015, a group of individuals proposed several initiatives to amend the Lane County Charter, including the one at issue in *Bowers*, the Lane County Freedom from Aerial Spraying of Herbicides Bill of Rights (Aerial Spraying Initiative), and the one at issue here, the Lane County Community Self-Government Charter Amendment (Self-Government Initiative). The Lane County Clerk certified the proposed measures for circulation and signature gathering. Intervenor Stanton Long then challenged the clerk's certification of the measures in Lane County Circuit Court, contending, among other things, that the clerk was required to apply the requirements of ORS 203.725(2), the separate-vote requirement, before certifying the measures for election. The court concluded that, as a general matter, ORS 203.725(2) applied to county charter amendments proposed by initiative, but that intervenor's challenge to any particular initiative was not ripe for consideration until the requisite supporting signatures were gathered and verified and the amendment was ready for submission to the voters. We refer to that trial court decision as *Long*. We affirmed *Long* without opinion. *Long v. Betschart*, 295 Or App 451, 432 P3d 1205 (2018).

After gathering the requisite number of valid, supporting signatures, the proponents submitted the proposed amendments to the Lane County Charter to the Lane County Clerk to be placed on the ballot. The clerk, concluding that the proposed measures did not comply with the separate-vote requirement, refused to put them on the ballot. Lynn Bowers and the proponents of the Aerial Spraying Initiative then filed litigation against defendant Lane County Clerk relating to that initiative. The Lane County Circuit Court concluded that the issue was now ripe for consideration and that the Aerial Spraying Initiative violated the separate-vote requirement. Bowers and the plaintiffs in that case appealed to our court.

Plaintiffs here, namely Robin Bloomgarden and the proponents of the Self-Government Initiative, filed this litigation after defendant also refused to put that initiative on the ballot. The Lane County Circuit Court concluded that *Long* precluded plaintiffs from relitigating whether the separate-vote requirement in ORS 203.725(2) applied as a general matter to county charter initiative amendments. The court then concluded that the particular initiative before it, the Self-Government Initiative, violated the separate-vote requirement and that defendant was not required to place it on the ballot. It is that decision that is on appeal here.

Following the *Bowers* appeal and the present appeal, intervenor in both cases notified us that the time for submitting both county charter amendment initiatives to the voters for consideration on the ballot had passed. Intervenor contended that the cases were moot and an opinion in either case would have no practical effect. As noted above, we concluded in *Bowers* that that appeal was moot. 313 Or App at 298. We now follow *Bowers* and conclude, without further discussion, that the instant case is also moot.

As in *Bowers*, that leaves the issue of whether we should exercise our discretion under ORS 14.175 to reach any issues in this otherwise moot case. *Id.* at 301-02 (exercising discretion to review some, but not all issues on appeal in moot case); *see also Eastern Oregon Mining Assoc. v. DEQ*, 285 Or App 821, 829-32, 398 P3d 449 (2017), *aff'd*, 365 Or 313, 445 P3d 251 (2019) (identifying considerations bearing

on whether to exercise discretion over moot cases and exercising discretion to address one of four assignments of error). For the reasons that follow and in light of the guidance that we already provided in *Bowers*, we decline to exercise our discretion to reach any moot issues.

Plaintiffs raise six assignments of error. Most of those assignments incorrectly challenge legal conclusions rather than rulings of the trial court, but it is ultimately clear from the briefing that they all contend, in essence, that the trial court erred in granting summary judgment to defendant and intervenor after the court concluded that the proposed Self-Government Initiative violates the separate-vote requirement in ORS 203.725(2). We turn to each assignment.

In their second assignment of error, plaintiffs contend that the trial court erred in concluding that *Long* precluded plaintiffs from relitigating the issue whether ORS 203.725(2) permitted the county clerk to review the proposed initiative amendment for compliance with the separate-vote requirement. Prudential considerations weigh against our exercising our discretion to review that purely procedural question of issue preclusion. *Eastern Oregon Mining Assoc.*, 285 Or App at 830-32 (listing nonexclusive prudential considerations relevant to decision whether to exercise discretion to review issues in moot case). Further, even if the trial court erred in applying issue preclusion and we were to reach the merits of the underlying issues, we have already concluded in *Bowers* that the Lane County Clerk "correctly reviewed the proposed amendment of the Lane County Charter [the Aerial Spraying Initiative] for compliance with the separate-vote requirement." 313 Or App at 316. It is difficult to see, in light of that conclusion, how any error in applying issue preclusion principles in the instant case would result in any harm if we ultimately were to reach the merits and apply *Bowers* to the facts here. For those reasons, we decline to address plaintiffs' second assignment of error.

In plaintiffs' first, third, fourth, and fifth assignments of error, plaintiffs raise issues on the merits that were addressed in *Bowers*. They primarily contend that the

trial court erred in concluding that the clerk had authority under ORS 203.725(2) to conduct a pre-election review of the proposed initiative amendment to determine if it complied with the separate-vote requirement. As noted, we rejected that contention in *Bowers*. 313 Or App at 316. Alternatively, plaintiffs contend in other assignments that such review by the clerk violates various state and federal constitutional provisions. These arguments are largely, if not entirely, the same arguments presented and rejected in *Bowers*. Having resolved those issues in *Bowers*, we see no need to exercise our discretion under ORS 14.175 to again address them here as they have now not evaded our review.

Finally, plaintiffs contend in their sixth assignment of error that, assuming that a proposed county charter initiative is subject to pre-election review for a separate-vote requirement, the trial court erred in concluding that the Self-Government Initiative violated ORS 203.725(2). As in *Bowers*, we decline to address that issue because "we conclude that the fact-bound question of whether the particular initiative at issue here meets the separate-vote requirement of ORS 203.725(2) does not merit an exercise of our discretion to address moot issues." 313 Or App at 302.

In sum, we conclude that the appeal is moot and we do not exercise our discretion to address any of the assignments of error or issues that plaintiffs raise.

Appeal dismissed as moot.